Peck, P. J.
(dissenting). I am unable to agree that prejudicial error was committed in the receipt of the officer’s testimony. There is no question that the defendant had a telephone conversation, which ivas overheard by the officer, and that the party at the other end of the telephone was a bookmaker. Defendant admitted as much. The only question relating to the conversation is whether the defendant asked for a daily statement and stated that he had promised his players twelve to one, as testified to by the officer, or whether, as defendant testified, he asked only for a weekly statement and asked for twelve to one for himself. The issue of credibility as to just what was said was for the trier of the facts, and the magistrate was justified in believing the officer’s version, and in finding the defendant guilty in the light of the overheard conversation against the background of the officer’s other testimony, also apparently believed by the court, that the defendant had during the half hour prior to the telephone conversation taken money from six different individuals, after handing them scratch sheets for consultation, and made a telephone call after each such transaction.
It was proper for the officer to explain the meaning of twelve to one ”, and the opinion of the court does not appear to question the propriety of that testimony. While the answer by the officer that “ The fact that he asked for the statement, in my opinion, makes him a bookmaker’s runner ” was objectionable, it was a nonresponsive, volunteered answer to a question as to whether the officer saw any link between the “ twelve *713 to one ” and the fact that the defendant asked for a statement. The responsive answer, when it came, was that the officer saw no connection.
It does not appear that the unresponsive answer of the officer was given any weight by the magistrate or could have been taken as a substitute for the court’s opinion on the ultimate question of guilt or innocence. On the contrary, and although the magistrate thought defendant’s counsel had opened the door for the question, when the officer was asked on redirect examination whether in view of the overheard conversation it was probable that defendant was a player, the magistrate sustained the defendant’s objection. Furthermore, the gratuitous bit of testimony which has become the ground for a reversal must be considered in the light of all the testimony in the case, from which it appears that the only issue in regard to defendant’s request for a statement from the book-maker was "whether the request was for a daily statement or a weekly statement. The police officer admitted on cross-examination that if it were a weekly statement it would indicate that defendant was a player rather than a book-maker; and the defense, in its insistence that only a weekly statement was requested, virtually recognized that a daily statement would signify book-making activities. The issue in the case thus resolved itself into one of credibility. On all the testimony taken in context, I find no prejudicial error in the admission of evidence, and, finding the conviction warranted on the evidence, dissent from the opinion of reversal and vote to affirm.
Cohn and Van Voorhis, JJ., concur with Callahan, J.; Peck, P. J., dissents in opinion in which Shientag, J., concurs.
Judgment reversed, the fine remitted and a new trial ordered.